**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ERIK T. SANFILIPPO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1696RWS(LMB) |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Erik T. Sanfilippo for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

### Procedural History

Petitioner is confined at the Eastern Reception Diagnostic Correctional Center pursuant to the judgment and sentence of the Circuit Court of Wayne County, Missouri. See Resp't Ex. 3 at 39-40. On July 2, 2001, petitioner was found guilty after a jury trial of possession of methamphetamine with intent to distribute and attempt to manufacture methamphetamine, and was sentenced to thirty years and twenty years imprisonment, to be served consecutively. See id.

Petitioner raised a single point on direct appeal of his convictions. Petitioner argued that the trial court plainly erred in allowing the State to present evidence and argue in closing argument that Derek Nash had agreed to testify "truthfully" in exchange for leniency from the State. See Resp't Ex. 4 at 8. On July 24, 2002, the Missouri Court of Appeals for the Southern

District affirmed petitioner's convictions in an unpublished memorandum opinion. See Resp't Ex. 6.

On November 1, 2002, petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence of the Circuit Court of Wayne County pursuant to Missouri Supreme Court Rule 29.15. See Resp't Ex. 9 at 4-13. After appointment of counsel, petitioner filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence. See id. at 14-26. In this motion, petitioner raised the following ineffective assistance of counsel claims: (1) trial counsel failed to call William McCormick as a defense witness at trial; (2) trial counsel failed to investigate and call as a witness at trial Steven Estes; (3) trial counsel failed to request a mistrial in response to statements made during the State's closing argument and failed to include the alleged improper argument in the motion for a new trial; and (4) the office of trial counsel represented both petitioner and William McCormick, thereby creating a conflict of interest. See id. An evidentiary hearing was held on July 1, 2003, at which petitioner and trial counsel, Shawn Boyd, testified. See Resp't Ex. 7. On December 23, 2003, the motion court denied petitioner's motion for post-conviction relief in all respects. See Resp't Ex. 9 at 27-32. Petitioner timely filed a notice of appeal from the denial of post-conviction relief. See id. at 35.

Petitioner raised a single point on appeal from the denial of post-conviction relief. See Resp't Ex. 10 at 12. Petitioner argued that the motion court clearly erred in denying his post-conviction relief motion because he was denied effective assistance of counsel in that appellate counsel failed to assert on direct appeal that the trial court plainly erred in overruling his objection to the State's improper closing argument in which the prosecutor misstated the evidence and commented on matters not in evidence. See id. On September 22, 2004, the Missouri Court of

Appeals for the Southern District affirmed the denial of post-conviction relief. See Resp't Ex. 12.

On September 30, 2005, petitioner, pro se, filed the instant petition for a writ of habeas corpus, in which he raises four grounds for relief. (Doc. No. 1). Petitioner first argues that the trial court violated the Due Process Clause by allowing evidence and argument that a State's witness had an agreement to testify truthfully in exchange for leniency. See id. Petitioner next argues that direct appeal counsel provided ineffective assistance for not claiming on appeal that the State's closing argument misstated the evidence and commented on matters that were not in evidence. See id. Petitioner also argues that trial counsel provided ineffective assistance for not interviewing and calling William McCormick. See id. Petitioner finally argues that he received ineffective assistance of counsel because the public defender's office had a conflict of interest in that it also represented William McCormick. See id. On November 28, 2005, respondent filed a Response to Order to Show Cause, in which respondent argues that petitioner's claims are procedurally defaulted. (Doc. No. 8). On December 5, 2005, respondent filed a Supplemental Response to the Petition for Habeas Corpus Response to the Merits of the Grounds Alleged. (Doc. No. 11). On April 3, 2006, petitioner filed a Traverse. (Doc. No. 13).

## Discussion

### I. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court decides a case differently than the Court has on a set of "materially indistinguishable" facts. 529 U.S. at 405, 120 S.Ct. at 1519. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. at 407, 120 S.Ct. at 1520. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S.Ct. at 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S.Ct. at 1522.

## II.   Petitioner's Claims

As previously stated, petitioner raises four grounds for relief. The undersigned will discuss each of petitioner's grounds for relief in turn.

## 1.     Ground One

In his first ground for relief, petitioner argues that the trial court violated the Due Process Clause by allowing evidence and argument that a State's witness had an agreement to testify truthfully in exchange for leniency. Respondent contends that petitioner's claim is procedurally defaulted because the Missouri Court of Appeals rejected the claim for independent and adequate state law reasons. Respondent further argues that petitioner's claim fails on its merits because the testimony at issue was not improper.

Petitioner raised this claim in his direct appeal of his convictions. See Resp't Ex. 4. The Missouri Court of Appeals noted that, although petitioner argued that the trial court erred in "allowing the State to present evidence and argue in closing argument" that Derek Nash had agreed to testify truthfully at petitioner's trial in exchange for leniency, the argument portion of petitioner's brief is directed only to the State's closing argument. See Resp't Ex. 6 at 4. The Court found that petitioner had abandoned his claim that asserts plain error by the trial court allowing testimony concerning Nash's negotiated plea agreement by making no reference to it in the argument part of his brief. See id. The Court stated that petitioner acknowledges that he did not preserve his complaint regarding the State's references to Nash's plea agreement in closing argument for appellate review by failing to object and failing to raise the issue in his motion for new trial. See id. The Court declined to grant plain error review. See id. at 5.

First, petitioner's claim regarding the admission of these statements is procedurally defaulted. The procedural default rule requires that a habeas petitioner pursue all available avenues for relief in the state courts before the federal courts can consider a claim. See 28 U.S.C. § 2254(d); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). Failure to preserve a claim on the appeal of a state court ruling raises a procedural bar to pursuing that claim in federal court. See Boyd v. Groose, 4

F.3d 669, 671 (8th Cir. 1993). In deciding if there has been procedural default, a federal court must give deference to the state courts and should place great importance on state procedural rules. See Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). In the instant case, petitioner failed to object to the admission of these statements at trial. Thus, petitioner's claim is procedurally defaulted.

In cases of procedural default, federal courts are barred from reaching the merits of the defaulted ground absent a showing of both 'cause' and 'actual prejudice' resulting from the alleged constitutional violations. See Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506-2507, 53 L.Ed.2d 594 (1977). A petitioner must "show that some objective factor external to the defense impeded counsel [or petitioner's] efforts to comply with the State's procedural rule" in order to show "cause" for procedural default. Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). "Cause" can be demonstrated by either "a showing that the factual or legal basis for a claim was not reasonably available to counsel" or by a showing that interference by officials made compliance impracticable. Id. If a petitioner cannot show 'cause' for the procedural default, then the court need not determine whether actual prejudice has resulted. See Leggins v. Lockhart, 822 F.2d 764, 768 (8th Cir. 1987). Petitioner alleges no cause as to why he did not object to the admission of the statements at trial.

Petitioner's claim also fails on its merits. Petitioner objects to the prosecutor's statement during closing argument that Derek Nash had a deal to testify truthfully and that he had "nothing to loose[sic]" by doing so. Petition at p. 6. The prosecutor made the following argument regarding Mr. Nash:

> Now, one of the State's witnesses was Derek Nash. Some guy you're going to ask home for Christmas dinner? I don't think so. First of all he's in the Department of Corrections but I must submit to you that that's one of the reasons that you can believe his testimony in this case. He had nothing to gain or to lose. His deal was already cut. He pled guilty last week. If he would have come in here and said yeah it was all mine, I did it all, nothing more would have happened to him. Okay, or if he said I take the 5th, I'm not going to testify at all, nothing more would have happened to him. He had nothing to gain or to lose by testifying honestly. Okay, the defendant is seated before you and he's subject to a term of incarceration as a result of a conviction today. He has a reason to lie. Okay, Derek Nash has no reason to lie. He's already done. He's already where he belongs in the Department of Corrections. Am I standing here before you and telling you that I think Derek Nash is a great guy and he had nothing to do with none of this? No, I believe that he was involved up to his eyeballs, but so was the defendant and the defendant was the prime actor in it.

Resp't Ex. 2 at 301-02.

To prevail on a due process claim based on comments by the prosecutor, a petitioner must show that the prosecutor's comments "were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair." Kellogg v. Skon, 176 F.3d 447, 451 (8th Cir. 1999)(quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987)). "Under this standard, a petitioner 'must show that there is a reasonable probability that the error complained of affected the outcome of the trial--i.e., that absent the alleged impropriety, the verdict probably would have been different.'" Kellogg, 176 F.3d at 451 (quoting Hamilton, 809 F.2d at 470). In determining whether the prosecutor's argument rendered the trial fundamentally unfair, a federal habeas court must consider the totality of the circumstances. See id.

Petitioner has failed to show that the prosecutor's statements were so egregious as to affect the outcome of the trial. In fact, the prosecutor's argument was not even improper. Thus, petitioner's claim lacks merit.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

**2. Ground Two**

In his second ground for relief, petitioner argues that direct appeal counsel provided ineffective assistance for not claiming on appeal that the State's closing argument misstated the evidence and commented on matters that were not in evidence. Respondent contends that appellate counsel's decision not to raise this plain error claim was one of reasonable trial strategy.

Petitioner objects to the following statement of the prosecutor made during closing argument:

And in this particular instance, if there was any evidence that Bill McCormick owned this particular piece of junk well, don't you think it would have been introduced by the defense today? Don't you think that would have been an important thing for them to produce? In fact, it was licensed to somebody that hasn't owned it in years. The defendant is the one that brought it...
[DEFENSE COUNSEL]: Your Honor, I object. That statement in fact, is not into evidence. There was no evidence that was put on about either one of those vehicles was licensed to. Now I do know that.

Resp't Ex. 2 at 316. Petitioner did not raise this claim in his motion for new trial and thus did not preserve the objection for appeal. Petitioner claims that appellate counsel was ineffective for not alleging on direct appeal that it was plain error for the trial court not to have sustained an objection to the prosecutor's reference to the trailer where the methamphetamine lab was located being licensed to someone who no longer owned it.

The familiar analysis of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), is also applicable to claims of ineffective assistance of appellate counsel. See Harris v. Missouri, 960 F.2d 738, 740 (8th Cir. 1992). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. A petitioner must show that "counsel made errors

so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id.

"Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694, 104 S. Ct. at 2068. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693, 104 S. Ct. at 2067. The question is whether trial counsel's performance, when viewed in this light, fell "outside the wide range of professionally reasonable performance." Id. (citing Strickland, 406 U.S. at 687, 104 S. Ct. at 2064). Moreover, regarding assistance rendered by appellate counsel, the failure to raise an unwinnable issue on appeal does not constitute ineffectiveness, rather, appellate counsel's "winnowing of the issues to eliminate a sure loser is the kind of performance that courts expect from competent counsel." Horne v. Trickey, 895 F.2d 497, 500 (8th Cir. 1990). More importantly, "[a] brief that raises every colorable issue runs the risk of burying good arguments. . . ." Jones v. Barnes, 463 U.S. 745, 753, 103 S. Ct. 3308, 3313, 77 L.Ed.2d 987 (1983).

Petitioner's appellate counsel, Ellen Flottman, testified by deposition that petitioner's plain error claim could have been raised on appeal and that she was not sure why she did not raise the claim. See Resp't Ex. 8. Ms. Flotttman, however, testified that she had already raised a plain error point on appeal and, "[w]hen faced with only plain error points to raise on appeal, I generally pick the best one." Id. at 7-8.

The Missouri Court of Appeals rejected petitioner's claim on appeal of the denial of post-conviction relief. See Resp't Ex. 12. The Court found that even if appellate counsel should have

raised the claim on direct appeal, it would not have required reversal on plain error grounds. See id. at 7. The Court held as follows:

> Even if we accept the contention that Appellant's appellate counsel should have raised this issue on direct appeal, we do not find that it would have required reversal on plain error grounds. Appellant cites many cases where convictions have been overturned because the State commented on facts not in evidence. However, Appellant would have had to show plain error in order to prevail on this issue on appeal. The court in its discretion may consider plain errors "when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. The Appellant must show that the asserted claim "facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice has occurred." *State v. Campbell*, 122 S.W.3d 736, 740 (Mo.App. S.D. 2004). Here, the record does not indicate, nor does Appellant show, how the State's comments were a "manifest injustice or miscarriage of justice." There was evidence presented at trial that Appellant had informed the campground owner that the R.V. was his. Also, evidence was presented that the campsite was leased in the name of Appellant and that the R.V. was parked on the campsite and connected to the "cab-over" by a roof. Furthermore, the methamphetamine production operation was found inside the R.V. while it was parked on the campsite. Appellant's counsel objected to the State's comment at trial, but was overruled and the trial judge noted that he had given a prior curative instruction that statements of counsel were not evidence.
>
> This court will reverse a conviction for improper closing argument only if Appellant establishes that the comment had a decisive effect on the jury's determination. *State v. Bowles*, 23 S.W.3d 775, 782 (Mo.App. W.D. 2000). Appellant has failed to do so here. Furthermore, the State's comment, that the R.V. was licensed to someone who had not owned it in years, indicates that the R.V. was not licensed to the Appellant, and, therefore, it does not bolster the State's claim that it was owned by Appellant. The jury had ample evidence, exclusive of the State's comments, to support its finding of guilt, so we cannot say that the State's comments were the decisive factor in the jury's decision. It cannot be said on the record before us that the State's comments would constitute plain error had the issue actually been raised on direct appeal.

Id. at 7-8.

The decision of the Missouri Court of Appeals is not contrary to or an unreasonable application of clearly established federal law. The Court properly found that appellate counsel was not ineffective in declining to raise the plain error point on appeal. If appellate counsel had raised this point on appeal, it would not have required reversal as plain error. Rather, the prosecutor's reference to the trailer where the methamphetamine lab was located being licensed to someone other than petitioner who no longer owned it was not prejudicial to petitioner.

- 10 -

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

**3.     Ground Three**

In his third ground for relief, petitioner argues that trial counsel provided ineffective assistance for not interviewing and calling William McCormick. Petitioner contends that Mr. McCormick owned the R.V. where the methamphetamine lab was located. Petitioner states that he informed counsel about Mr. McCormick prior to trial, but counsel declined to call Mr. McCormick. Respondent argues that petitioner has procedurally defaulted this claim by failing to raise it on appeal from the denial of post-conviction relief. Respondent also contends that trial counsel's decision not to call Mr. McCormick was one of sound legal strategy.

Petitioner failed to raise this claim on appeal from the denial of post-conviction relief. Petitioner alleges no cause as to why he did not raise this claim on appeal. As such, petitioner's claim is procedurally defaulted. See Jolly, 28 F.3d at 53.

Even if petitioner's claim were not procedurally defaulted, it fails on the merits as well. Trial counsel, Shawn Boyd, testified at the post-conviction review hearing that ownership of the R.V. was not an element of the offense with which petitioner was charged. See Resp't Ex. 7 at 32-33. Mr. Boyd further testified that Mr. McCormick would have testified that he was not the methamphetamine cook, thereby implicating petitioner. See id. at 33. Mr. Boyd stated that he therefore made a strategic decision not to call Mr. McCormick because it would have hurt petitioner's case. See id.

The motion court rejected petitioner's claim, holding that trial counsel's failure to call Mr. McCormick as a witness at trial was "the exercise of sound legal reasoning and strategy." Resp't Ex. 9 at 29.

The decision of the motion court was not contrary to clearly established federal law. The court properly found that the trial court's decision not to call Mr. McCormick was one of sound legal strategy. Trial counsel's testimony at the post-conviction relief evidentiary hearing reveals that Mr. McCormick would not have been a favorable witness for petitioner and likely would have implicated petitioner.

Accordingly, the undersigned recommends that petitioner's third ground for relief be denied.

**4.    Ground Four**

In his fourth ground for relief, petitioner argues that he received ineffective assistance of counsel because his trial counsel, Mr. Boyd, had a conflict of interest in that a different public defender, Mr. Smith, represented William McCormick. Petitioner states that Mr. Smith appeared for petitioner at the arraignment, pre-trial hearing, preliminary hearing, and sentencing, while Mr. Boyd appeared for petitioner at trial. Petitioner alleges that if Mr. Boyd had called Mr. McCormick at petitioner's trial, this could have incriminated Mr. McCormick, thereby creating a conflict for Mr. Boyd. Respondent contends that petitioner has procedurally defaulted this claim by failing to raise it on appeal of the denial of post-conviction relief. Respondent further argues that petitioner's claim fails on its merits because petitioner failed to show that an actual conflict of interest affected the representation.

Petitioner failed to raise this claim on appeal from the denial of post-conviction relief. Petitioner alleges no cause as to why he did not raise this claim on appeal. As such, petitioner's claim is procedurally defaulted. See Jolly, 28 F.3d at 53.

Even if petitioner's claim were not procedurally defaulted, it fails on the merits as well. The motion court rejected petitioner's claim, holding that trial counsel did not actively represent conflicting interests and no actual conflict of interest affected trial counsel's performance. See Resp't

Ex. 9 at 31. The court noted that the mere existence of a possible conflict of interest does not automatically preclude effective representation. Id. at 32.

Joint representation by a single attorney is not a per se violation of a defendant's right to effective assistance of counsel. Hayes v. Lockhart, 766 F.2d 1247, 1249-50 (8th Cir. 1985) (citing Holloway v. Arkansas, 435 U.S. 475, 482, 98 S. Ct. 1173, 1177, 55 L.Ed.2d 426 (1978)). In order to show that a conflict of interest exists, a petitioner who failed to timely object to the conflict must show that "an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S. Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). A petitioner must prove "that his counsel actively represented conflicting interests." Id. at 350, 100 S. Ct. at 1719. A showing of a possible conflict or the appearance of impropriety is not sufficient to demonstrate the existence of an actual conflict. Nave v. Delo, 62 F.3d 1024, 1034 (8th Cir. 1995) (citations omitted). "'An actual conflict occurs when counsel cannot use his best efforts to exonerate one defendant for fear of implicating the other.'" Hayes, 766 F.2d at 1250 (quoting United States v. Auerbach, 745 F.2d 1157, 1162 (8th Cir. 1984)). "[O]nce the defendant demonstrates the existence of an actual conflict, he must also show that the conflict had an adverse effect on his attorney's performance." Salam v. Lockhart, 874 F.2d 525, 528 (8th Cir. 1989). A petitioner does not have to establish "prejudice" as required by Strickland; instead, the petitioner need only show that the conflict of interest actually affected the adequacy of his representation. Dawan v. Lockhart, 31 F.3d 718, 721-22 (8th Cir. 1994) (citing Cuyler, 446 U.S. at 349-50, 100 S. Ct. at 1718-19).

The undersigned finds that the motion court properly applied Cuyler and determined that no actual conflict of interest existed. As previously discussed, trial counsel testified at the post-conviction relief evidentiary hearing that if Mr. McCormick were to testify, he would have maintained

his innocence of the manufacturing methamphetamine charge. See Resp't Ex. 7 at 33. As such, Mr. McCormick would not have implicated himself.

Accordingly, the undersigned recommends that petitioner's fourth ground for relief be denied.

### III.     **Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Erik T. Sanfilippo for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised that they have eleven (11) days, until September 8, 2008, to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this  27th  day of August, 2008.

*[signature: Lewis M. Blanton]*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE